UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RANDOLPH MATTHIEU** | **CIVIL NO. 6:10-cv-0826** |
| **LA. DOC #117977** | |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **BURL CAIN, WARDEN** | **MAGISTRATE JUDGE HILL** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Randolph Matthieu filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on May 10, 2010.  Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  He attacks his 1987 conviction for second degree murder, entered in the Fifteenth Judicial District Court for Lafayette Parish Louisiana, claiming that the Louisiana Third Circuit Court of Appeals erred when it reversed the District Court's grant of post-conviction relief in 2008. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** pursuant to the provisions of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Background

On May 24, 1983, petitioner was indicted and charged with second degree murder by the Lafayette Parish Grand Jury.  On May 18, 1987, petitioner was found guilty as charged

following trial by jury; on June 16, 1987, he was sentenced to life imprisonment. Petitioner's conviction and sentence were affirmed by the Louisiana Third Circuit Court of Appeals on June 22, 1988. *State v. Matthieu*, 527 So.2d 530 (La. App. 3 Cir. 6/22/1988). His application for writs was denied by the Louisiana Supreme Court on April 14, 1989. *State v. Matthieu*, 541 So.2d 864 (La. 4/14/1989). Petitioner did not seek further direct review in the United States Supreme Court.

Petitioner's first state post-conviction application was filed in 1991 and was ultimately terminated on November 14, 1997 when the Louisiana Supreme Court denied writs. *State ex rel. Matthieu v. State of Louisiana*, 703 So.2d 1286 (La. 11/14/1997).

Thereafter, on October 15, 1998, petitioner sought federal *habeas corpus* relief. *See Randolph Matthieu v. Warden*, No. 6:98-cv-2007 (W.D. La. 1998). The petition was dismissed with prejudice on December 21, 2001. *Id.* The United States Fifth Circuit Court of Appeals remanded the case on June 4, 2002. *Matthieu v. Cain*, No. 02-30043, 44 Fed. Appx. 651 (5th Cir. 2002) Thereafter, on February 19, 2003, the petition was again dismissed with prejudice. *Randolph Matthieu v. Warden*, No. 6:98-cv-2007 (W.D. La. 1998). Petitioner did not appeal that dismissal.

The United States Supreme Court issued its decision in *Campbell v. Louisiana*, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998) on April 21, 1998, holding that a white criminal defendant has standing to object to discrimination against black persons in the selection of grand jurors.

On April 8, 1999, petitioner, a white male, filed a second application for state post-conviction relief in the Fifteenth Judicial District Court.  In this application, plaintiff raised three claims for relief: "(1) A racially discriminatory system of selecting the Lafayette Parish Grand Jury foreperson violated [the] Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; (2) Petitioner was denied reasonable effective assistance of counsel due to counsel's failure to challenge the discriminatory practices of appointing Grand Jury forepersons; and (3) The cumulative effect of the errors raised denied petitioner a fundamentally fair adversarial proceeding." [Doc. 1-3, Exhibit A, pp. 1-39].

The State filed an Answer to the Application and prayed for dismissal because petitioner failed to preserve the Grand Jury issue by filing a pre-trial motion to quash and because, under La. C.Cr.P. art. 930.8, the petition was untimely filed.  [Doc. 1-3, Exhibit B, pp. 53-60].

An evidentiary hearing was held on April 3, 2008. The next day, on April 4, 2008, the trial judge, outside the presence of the parties, recited oral reasons for judgment on the record, granting petitioner's application for post-conviction relief; a formal written judgment was signed on May 17, 2008. [Doc. 1-4, Exhibit E, p. 78-86].

On April 29, 2008, the State moved for, and was granted, an appeal to the Third Circuit Court of Appeals. Thereafter, the Third Circuit issued a rule to show cause why the appeal should not be dismissed since the judgment was not an appealable judgment. Following a response by the parties, on September 24, 2008, the Third Circuit dismissed the

appeal, construed the State's Motion for Appeal as a notice of intent to seek supervisory writs and permitted the State to file its writ application within 30 days. [*See* Doc. 1-5, Exhibit H, pp. 1-4; Exhibit I, pp. 5-10; Doc. 1-5, Exhibit J, pp. 11-15, *State v. Matthieu*, KA 08-0803, 2008 WL 4336000 (La. App. 3rd Cir. 2008)]. Petitioner's request for rehearing was denied on December 10, 2008. [Doc. 1-5, Exhibit L, p. 20]. The Louisiana Supreme Court denied petitioner's request for review on February 6, 2009 without comment. *State v. Matthieu*, No. 2009-OK-0048, 999 So.2d 767 (La. 2/6/09).

The State filed its writ application on October 21, 2008. *State v. Matthieu*, KW 08-1301 (La. App. 3rd Cir. 2008). On December 12, 2008, petitioner sought a stay of the proceedings in order to seek review of the Third Circuit's ruling on the State's appeal in the Louisiana Supreme Court. [Doc. 1-5, Exhibit M, pp. 21-22]. On February 13, 2009, the Third Circuit denied petitioner's request for a stay and granted the State's writ application as follows:

> The Defendant's 'Motion to Stay the Proceedings' is denied. The Defendant's application for post-conviction relief was untimely filed. *See* La.Code Crim.P. art. 930.8, *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189; *Peterson v. Cain*, 302 F.3d 508 (5th Cir. 2002), *cert. denied*, 537 U.S. 1118, 123 S.Ct. 886 (2003). Furthermore, failure to file a pre-trial motion to quash waives any challenge to the grand jury. *Deloch v. Whitley*, 96-1901 (La. 11/22/96), 684 So.2d 349. Accordingly, the trial court erred when it granted the Defendant's application for post-conviction relief. The trial court's ruling is reversed and the Defendant's conviction and sentence are reinstated.

*State of Louisiana v. Randolph Matthieu*, No. KW 08-01301 (La. App. 3 Cir. 2/13/2009) at Doc. 1-5, Exhibit N, p. 23. The Louisiana Supreme Court denied petitioner's request for

4

review on January 22, 2010 without comment. *State v. Matthieu*, No. 2009-KH-0686, 25 So.3d 133 (La. 1/22/10); Doc. 1-5, Exhibit P, p. 36.

On February 24, 2010, petitioner submitted a Motion in the United States Fifth Circuit Court of Appeals requesting authorization to file a second or successive federal *habeas corpus* petition in this court. [Doc. 1-5, Exhibits Q and R, pp. 37-72]

On April 13, 2010, the Fifth Circuit Court issued the following order:

Matthieu seeks to assert claims that can be construed as follows: (1) the Louisiana appellate court erred in allowing the State to file a supervisory writ after the state court granted postconviction relief (PCR) and vacated Matthieu's conviction because the State had already failed to file a timely appeal, (2) the Louisiana appellate court erred by ruling that Matthieu's application for PCR was untimely, and (3) counsel was ineffective for failing to file a motion to quash the grand jury indictment, failing to challenge the state court's jurisdiction, and failing to challenge and investigate the constitutionality of several State laws related to jury venire. Matthieu did not raise any of these claims in his prior §2254 application.

Matthieu does not require authorization to raise the claims that the Louisiana appellate erred by allowing the State to file a supervisory writ and that the appellate court erred by dismissing his PCR application as untimely. These claims were not ripe at the time that Matthieu filed his first §2254 application. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 222-24 (5th Cir. 2009). His motion is denied as unnecessary with respect to these claims.

As Matthieu's remaining claim, ineffective assistance of counsel (IAC) could have been raised in his previous §2254, he must obtain authorization to raise it. *See* §2244(b)(2), (3). With respect to this IAC claim, Matthieu has not made a prima facie showing that (1) his claim relies on a new rule of constitutional law that was made retroactive to cases on collateral review by the Supreme Court and was previously unavailable, or (2) the factual predicate of his claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, taken as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. *See*

28 U.S.C. §2244(b)(2), (b)(3)(C). Thus, Matthieu has failed to meet the requirements for obtaining leave to file a successive §2254 application with respect to his remaining claim.

*In Re: Randolph Matthieu*, No. 10-30207 (5th Cir. 2010). [Doc. 1-5, Exhibit S, pp. 73-74].

On May 10, 2010, petitioner filed the instant petition for federal *habeas corpus* relief raising essentially two claims: (1) the Louisiana Third Circuit Court of Appeals erred when it granted the State an additional 30 days to file a supervisory writ after the State had procedurally defaulted by failing to timely file an appeal or supervisory writ application; and, (2) the Louisiana Third Circuit Court of Appeals erred when it declined to reach the merits of petitioner's grand jury claims and instead denied relief on the grounds that his claims were procedurally barred and untimely filed.

## Law and Analysis

### *Rule 4 Consideration*

Rule 4 of the Rules Governing § 2254 Cases authorizes the district court to examine and dismiss non-meritorious and frivolous *habeas corpus* petitions. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Thus, it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.[1] *Kiser*, 163 F.3d at 328. Review of the instant petition for federal *habeas corpus* relief plainly establishes that petitioner is not entitled to relief. Accordingly, the petition should be dismissed with prejudice pursuant to Rule 4 for the following reasons.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." The Advisory Committee Notes following Rule 4 state that " it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

### I. Third Circuit's Grant of Permission to File Supervisory Writ

Petitioner claims that the Louisiana Third Circuit Court of Appeals erred when it permitted the State to obtain supervisory review even though the time limitations for seeking such review under the Uniform Rules of the Courts of Appeal and other Louisiana laws had expired.

Federal law is clear – federal courts do not sit as "super" state supreme courts to review errors under state law. *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983); *Cronnon v. State of Alabama*, 587 F.2d 246, 250 (5th Cir. 1979) (and cases cited therein). It is not the province of a federal *habeas* court to determine if the state courts properly applied state law. *Estelle v. McGuire*, 502 U.S. at 68, 112 S.Ct. at 480; *Narvaiz*, 134 F.3d at 695. Rather, "[f]ederal habeas corpus review is limited to errors of constitutional dimension . . . ." *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998).

Thus, in federal *habeas corpus* proceedings, the question is not whether the state court erred or whether state law had been transgressed, but whether there has been a violation of the petitioner's rights as guaranteed by the United States Constitution. 28 U.S.C. § 2254(a); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558 (1983); *Bailey v. Procunier*, 744 F.2d 1166, 1168 (5th Cir. 1984); *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988) (errors of state law and procedure are not cognizable in federal *habeas* proceedings unless they result in a violation of a federal constitutional right).

The Fifth Circuit has therefore articulated, on numerous occasions, that the failure of a state to follow its own rules of procedure is not grounds for relief in federal *habeas* actions. *Lavernia v. Lynaugh*, 845 F.2d 493, 496 (5th Cir. 1988) ("[f]ederal habeas courts are without authority to correct simple misapplications of state criminal law or procedure . . ."); *Manning v. Warden*, 786 F.2d 710, 711-12 (5th Cir. 1986) ("whether the state followed its own procedure is not the concern of a federal *habeas* court . . . ."). *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal *habeas corpus* relief does not lie for errors of state law."); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ [of *habeas corpus*] on the basis of a perceived error of state law.").

Petitioner's first claim for relief alleges only a violation of Louisiana state law and thus fails to state a claim for which federal *habeas corpus* relief may be granted and dismissal on that basis is appropriate.

## II. Third Circuit's Procedural Default/Untimeliness Ruling

Petitioner also claims that the Third Circuit erred by dismissing his application for post-conviction relief as untimely and his claims as procedurally defaulted without addressing the merits of his grand jury claims. To the extent that petitioner seeks review based on the Third Circuit's alleged misapplication of Louisiana law, he again fails to state a claim for which *habeas corpus* relief may be granted.

Moreover, it is clear that the Third Circuit committed no error. The Third Circuit relied on two provisions of Louisiana law in determining that the petitioner's claims were untimely and procedurally defaulted. First, the Court determined that petitioner's

application for post-conviction relief was time barred by the provisions of Louisiana Code of Criminal Procedure article 930.8. Article 930.8 provides:

> A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply:
>
> (1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his attorney.
>
> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.
>
> (3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
>
> (4) The person asserting the claim has been sentenced to death.

The Third Circuit did not err in finding petitioner's post-conviction application was untimely filed. Petitioner's judgment of conviction and sentence became final under the provisions of article 922(D) on April 14, 1989 when the Louisiana Supreme Court denied writs on direct appeal. *See State v. Matthieu*, 541 So.2d 864 (La. 4/14/1989). Petitioner filed his application for post-conviction relief on April 8, 1999, almost 10 years after his conviction became final under Louisiana law. Thus, unless an exception set forth in article 930.8 applies, petitioner's post-conviction application was clearly not timely filed.

To the extent that petitioner argues that the limitations period should be calculated from the date he discovered the alleged irregularities in the composition of the grand jury and the selection of the grand jury's foreperson, that claim is without merit. Under Louisiana law, petitioner's late realization that an error may have occurred does not qualify as the discovery of new facts for the purposes of the exception set forth in Subsection (A)(1) above. *State v. Parker*, 1998-0256, 711 So.2d 694, 695 (La. 5/8/98).

Nor is the exception set forth under subsection (A)(2) applicable. That subsection would permit calculation of the limitation period for filing post-conviction applications from the date that an appellate court announced a new rule of constitutional law, made retroactively applicable to petitioner's case. To the extent that petitioner might argue that he had one-year from April 21, 1998, the date that the United States Supreme Court announced its decision in *Campbell v. Louisiana*, 523 U.S. 392, 118 S.Ct. 1419, 140 L.Ed.2d 551 (1998), to file his application, that argument is without merit. The Third Circuit, anticipating such an argument, expressly cited *Peterson v. Cain*, 302 F.3d 508 (5th Cir. 2002), *cert. denied*, 537 U.S. 1118, 123 S.Ct. 886 (2003) in support of its untimeliness ruling. In *Peterson*, the Fifth Circuit held that *Campbell* did not announce a "new rule" under either the Due Process or Equal Protection guarantees of the Constitution. Moreover, the *Campbell* court declined to consider any fair cross-section claim under the Sixth Amendment, and as such cannot be deemed a "new rule" for prescriptive purposes. *See Peterson*, 302 F.3d at 515 *citing Campbell*, 523 U.S. at 403,

118 S.Ct. 1419.

In light of the above, petitioner's post-conviction application was clearly barred under article 930.8. The Third Circuit therefore did not err in finding petitioner's application had been untimely filed.

Nevertheless, the Third Circuit was not content to order dismissal solely only on the basis that the application was time-barred under article 930.8. The Court also found that petitioner defaulted his grand jury claims by failing to file a timely pre-trial motion to quash. In so doing, the court expressly cited *Deloch v. Whitley*, 684 So.2d 349 (La. 1996), wherein the Louisiana Supreme Court held that an equal protection claim based on alleged discrimination in the selection of a grand jury foreman is procedurally barred when a defendant fails to file a pretrial motion to quash. Clearly, the Third Circuit did not err in applying Louisiana Supreme Court precedent to procedurally bar petitioner's grand jury claims; by his own admission, no pre-trial motion to quash was filed in petitioner's case.

For these reasons, the Louisiana Third Circuit Court of Appeal did not err when it refused to address the merits of petitioner's grand jury claims.

### III. Federal Procedural Default Doctrine

Moreover, to the extent that petitioner maintains that his federally protected due process and equal protection rights have been violated as a result of the procedure utilized to select the grand jury foreman in his case, those claims are procedurally defaulted.

The Louisiana Third Circuit Court of Appeal did not rule on the merits of petitioner's post-conviction claims because petitioner failed to comply with state procedural rules. The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.*

Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment.[2] *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996). However, a petitioner can rebut this presumption by establishing that the procedural rule is not strictly or regularly followed. *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996). The burden in on the petitioner

---

[2] "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998) *citing Amos* v. Scott, 61 F .3d 333, 339 (5th Cir. 1995). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos*, 61 F.3d at 338.

to show that a state did not strictly and regularly follow the procedural bar at the time pertinent to his state court action. *Stokes v. Anderson*, 123 F.3d 840, 843 (5th Cir. 1999); *Amos v. Scott*, 61 F.3d 333, 342, (5th Cir. 1995); *Sones*, 61 F.3d at 416. In bearing the burden, the petitioner must demonstrate that the state failed to apply the procedural bar to claims which are identical or similar to the claims raised by him. *Stokes*, 123 F.3d at 860; *Amos*, 61 F.3d at 340.

The Third Circuit clearly and expressly relied on two procedural rules to decline reviewing the merits of petitioner's claims for relief - untimeliness under article 930.8 and waiver based upon petitioner's failure to file a pre-trial motion to quash. Both grounds are routinely invoked by Louisiana courts to procedurally bar review of post-conviction claims. *See Williams v. Cain*, 125 F.3d 269, 274-75 (5th Cir. 1997)[3] and *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997).[4] Thus, petitioner has failed to rebut the presumption

---

[3]In *Williams v. Cain*, 125 F.3d 269, 274-75 (5th Cir. 1997), the Fifth Circuit, citing *Deloch v. Whitley*, 684 So.2d 349, 350 (La.1996) declined to reach the merits of a state prisoner's grand jury foreperson claims in the absence of a pre-trial motion to quash finding those claims procedurally defaulted as follows:
> It is undisputable that under Louisiana law, a challenge to the legality of the grand jury venire must be made by a pretrial motion to quash . The Louisiana Code of Criminal Procedure also specifically states that '[t]he grounds for a motion to quash [ ] are *waived* unless a motion to quash is filed . . .' La.Code Crim. Proc. art. 535(D) (emphasis added). It is undisputed that Williams never filed a pretrial motion to quash, let alone a timely motion. Williams raised his claim based on the selection of the grand jury foreman for the first time during his state post-conviction proceedings. Therefore, under Louisiana law his claim is procedurally barred. *Deloch v. Whitley*, 684 So.2d 349, 350 (La.1996) (holding equal protection claim based upon discriminatory selection of grand jury foreman procedurally barred by defendant's failure to file a pretrial motion to quash.").

[4]In *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997) the Fifth Circuit expressly held that "Louisiana courts have regularly invoked the statute [article 930.8] to bar untimely claims, [and] we find nothing to trump the presumption of adequacy."

13

of adequacy; the procedural rules utilized by the Third Circuit to bar merits review of petitioner's claims were both independent and adequate.

Petitioner may be excused from application of the procedural default doctrine by showing cause for the default and prejudice or that a miscarriage of justice will result from the denial of federal *habeas* review. *See Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Coleman*, 501 U.S. at 750 *quoting Wainwright v. Sykes*, 433 U.S. 74, 84, 97 S.Ct 2497, 2505, 53 L.Ed. 2d 594 (1972)*; Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *McCleskey v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699 (5th Cir. 1996); *Sones*, 61 F.3d at 416; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996).

In order for a *habeas corpus* petitioner to be excused from application of the procedural default doctrine by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that as a factual matter he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5 Cir. 1998); *Ward*, 53 F.3d at 108. Thus, the petitioner must make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213, *quoting*

*McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471. Here, petitioner has not shown that, as a factual matter, he is actually innocent of second degree murder, and, thus, he will not suffer a fundamental miscarriage of justice from this court's failure to consider his claims. Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

In order for a *habeas* petitioner to avoid application of the procedural default doctrine by showing cause and prejudice, the petitioner must show that "some objective factor external to the defense" prevented the petitioner from properly raising the claim in state court. *McClesky v. Zant*, 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991) *quoting Murray*, 477 U.S. at 488. If a petitioner can show cause for his default, he must nevertheless establish actual prejudice. *See United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (internal quotations omitted) ("In addition to cause, [a procedurally defaulted *habeas* petitioner] must show actual prejudice to overcome the procedural bar.). "The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted." *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003) *citing Guerra*, 94 F.3d at 994.

In cases such as this, where the *habeas* petitioner argues that he was prejudiced by the failure of trial counsel to raise grand jury issues in a pre-trial motion to quash, the Fifth Circuit has determined that prejudice cannot be shown because even if the petitioner would have been successful in having the indictment quashed, the State would have

sought and obtained a second indictment. *Pickney v. Cain,* 337 F.3d 542, 545 (5th Cir. 2003). Thus, even if petitioner could demonstrate cause for his default (which he has not), he can not establish prejudice.

In sum, because petitioner has failed to demonstrate cause and prejudice for his default or actual innocence, federal *habeas* review of his claims is precluded.

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts since it plainly appears from the face of the petition and exhibits annexed to it that the petitioner is not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except**

**upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 19th day of August, 2010.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE